IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR LEVY COUNTY, FLORIDA

THOMAS ARWOOD and
BETTY ARWOOD,
his wife, ,                                      CASE NO.: 38-2013-CA-000999

        Plaintiffs,                    (JURY TRIAL DEMANDED)

v.,

CYPRESS HEALTH SYSTEMS, FLORIDA,
INC., a Florida For Profit Corporation, d/b/a
TRI-COUNTY HOSPITAL, WILLISTON,
TRI-COUNTY HOSPITAL, WILLISTON,
LLC, DR. RICHARD MARTIN, M,D.,
PHYSICIAN'S ASSISTANT JOHN
COLEMAN,
        Defendants.
_____/

## AMENDED COMPLAINT

The Plaintiffs, THOMAS ARWOOD and BETTY ARWOOD, files this Amended Complaint

for damages and state as follows:

## JURISDICTIONAL ALLEGATIONS

1. The amount in controversy is in excess of $15,000.

2. Plaintiff Thomas Arwood is over the age of eighteen and is  sui juris.

3. Plaintiff Betty Arwood is over the age of eighteen and is sui juris.

4. Defendant  CYPRESS HEALTH SYSTEMS, FLORIDA, INC., is a  Florida For Profit

Corporation doing business in Florida , with its principal place of business at   125 SW 7TH

Street, Williston, Fl.

1

5. Defendant TRI- COUNTY HOSPITAL WILLISTON is a Florida Corporation wholly owned and operated by CYPRESS HEALTH SYSTEMS, FLORIDA, INC., or CYPRESS HEALTH SYSTEMS, FLORIDA, INC d/b/a TRI-COUNTY HOSPITAL WILLISTON,, is located in and doing business in Levy County, Florida.

6. Defendant DR. RICHARD MARTIN, M.D.  is a Florida Resident licensed by the state of Florida to practice medicine, and who is and was actually practicing medicine in Levy County, Florida at all times material.

7.  Defendant PHYSICIAN'S ASSISTANT JOHN COLEMAN is a Florida Resident licensed by the state of Florida as a physician's assistant,  and who is and was actually working as a physician's assistant in Levy County,  Florida at all times material.

## FACTS

8.  The incident which forms the basis of this Complaint occurred in Williston, Levy  County, Florida.

9. The pre-suit requirements of F.S. 766 have been complied with by Plaintiffs by providing pre-suit notice to all Defendants and an affidavit of a Florida emergency medicine expert that states pursuant to F.S. 766.104, a reasonable investigation has been conducted and has given rise to a good faith belief that grounds exist for an action of medical malpractice against each named Defendant.

10.  On or about 2/20/11, THOMAS ARWOOD presented to the Tri- County Hospital, Williston Emergency room complaining of a swollen tongue with worsening symptoms.

11. Plaintiff THOMAS ARWOOD was treated for an emergency medical condition by TRI-COUNTY Emergency Room personnel, but the treatment failed to provide the clinically desired effects and Plaintiff THOMAS ARWOOD grew worse. No medical doctor ever saw the patient in the TRI-COUNTY Emergency Room. The physician's assistant JOHN COLEMAN called 911 from the Emergency Room when it became apparent that the patient was becoming increasingly worse and unable to breathe. Plaintiff ARWOOD was then transferred to a ground ambulance for transfer to Shands University of Florida before an airway was secured. Plaintiff ARWOOD was not stabilized before transfer.

12. Although emergency room personnel called for a physician, no on-call physician responded or ever examined Plaintiff ARWOOD in the Emergency Room on 2/20/11, and consequently any physician consulted by telephone had to rely upon a non-doctor's description of symptomology.

13. Defendant RICHARD MARTIN, M.D., failed to respond to call although he was on- call at the TRI-COUNTY Hospital Emergency Room at all times material to this Complaint, and at the time that Plaintiff ARWOOD was in the Emergency Room on 2/20/11.

14. CYPRESS HEALTH SYSTEMS, FLORIDA, INC., d/b/a TRI-COUNTY HOSPITAL, WILLISTON, TRI-COUNTY HOSPITAL, WILLISTON, LLC (hereinafter, TRI-COUNTY or TRI-COUNY HOSPITAL WILLISTON) was at all times material a licensed, 24 hour emergency care facility, licensed to maintain a "dedicated ER department" by the Florida Agency for Healthcare Administration.

15. As part of its licensure requirements, pursuant to Florida Administrative Code 59A-3.255, the TRI-COUNTY Emergency Room was required to maintain at all times, inter alia, a ventilator.

16. At all times material to this Complaint, TRI-COUNTY HOSPITAL, WILLISTON did not maintain or have use of-on site- a ventilator, and other lifesaving devices required by the Florida Administrative Code, in violation of the Florida Administrative Code.

17. PHYSICIAN'S ASSISTANT COLEMAN, called 911 from the Emergency Room with the intent of transferring Plaintiff THOMAS ARWOOD to a public hospital, Shands Hospital, University of Florida.

18. As he was being loaded onto the ambulance from TRI COUNTY's Emergency Room, PLAINTIFF THOMAS ARWOOD could be heard complaining that he could not breathe.

19. Plaintiff THOMAS ARWOOD was at all times material a Medicaid patient, did not have private insurance, was indigent, and did not request to be transferred.

20. DEFENDANTS TRI-COUNTY HOSPITAL, WILLISTON, and its personnel including PHYSICIAN ASSISTANT JOHN COLEMAN, conducted a medical screening of Plaintiff THOMAS ARWOOD, determined he suffered from an emergency medical condition, did not provide the services and or treatment necessary to stabilize Plaintiff THOMAS ARWOOD'S emergency medical condition as far as possible within the limits of its capabilities; did not explain the medical risks of transferring him adequately, failed to reasonably access and explain the benefits of a transfer before stabilization, and failed to ensure that the transfer of Plaintiff THOMAS ARWOOD was effected with the use of qualified personnel and transportation equipment, as required by the circumstances, including the use of necessary and medically appropriate life support measures during the transfer, resulting in serious injury and permanent disability to Plaintiff THOMAS ARWOOD.

21. Defendant DR. RICHARD MARTIN, M,D,. failed to appear after having received a call from the emergency room, and directed an inappropriate transfer prior to stabilization of Plaintiff

4

THOMAS ARWOOD, resulting in serious injury and permanent disability to Plaintiff THOMAS ARWOOD.

22. Defendant  DR. RICHARD MARTIN, M,D,. failed to counter-sign the transfer certification as the consulting physician, as required by Florida Administrative code 59A-3.255 (3)

23.   As a result of the above treatment at the TRI-COUNTY Emergency Room, Plaintiff ARWOOD stopped breathing almost immediately after the ambulance left for Shands Hospital, requiring the EMS personnel to perform an emergency cricoidotomy while pulled over on the side of the road.

24. Plaintiff ARWOOD suffered a hypoxic injury as a result of his airway closing.

25. Plaintiff ARWOOD was properly treated at Shands, and was taken into emergency surgery to repair the airway opened by EMS.

26. Shands' personnel requested that Plaintiff BETTY ARWOOD sign a "do not resuscitate" order because they were aware that Plaintiff ARWOOD had suffered oxygen deprivation and probably suffered  brain damage.

27. After a prolonged stay at Shands, Plaintiff THOMAS ARWOOD was released, and shortly thereafter began experiencing symptoms associated with oxygen deprivation, and required an in-patient stay in a mental health facility.

28.   The Plaintiff, THOMAS ARWOOD, suffered long term serious sequellae as a result of hypoxic injury, as a direct result of the failure to properly secure the airway while in a hospital emergency room setting.

29. Plaintiff BETTY ARWOOD must care for her husband 24/7, and has lost the consortium, companionship, and care of her husband, THOMAS ARWOOD, as before, as a direct result of the foregoing acts and omissions of the Defendants.

5

COUNT I

MEDICAL MALPRACTICE AGAINST CYPRESS HEALTH SYSTEMS, FLORIDA, INC., d/b/a TRI-COUNTY HOSPITAL, WILLISTON, and TRI-COUNTY HOSPITAL, WILLISTON, LLC

30. Plaintiff hereby reavers and realleged parapraphs 1-29 as if fully set forth herein .

31. On or about 2/20/2011, Plaintiff ARWOOD presented to the emergency room at TRI-COUNTY HOSPITAL and was treated inappropriately, and transferred by ground ambulance despite the fact that his emergency medical condition was worsening while in the emergency room, and he was not stabilized.

32. Furthermore, Defendants CYPRESS HEALTH SYSTEMS, FLORIDA, INC., d/b/a TRI-COUNTY HOSPITAL, WILLISTON, and TRI-COUNTY HOSPITAL, WILLISTON, LLC, hold themselves out as an emergency room, and are licensed as an emergency room by the Florida Agency for Health Care Administration, but failed at all times material to maintain a ventilator and so could not secure Plaintiff ARWOOD'S airway  thus requiring his transport before being stabilized.

33. Defendants CYPRESS HEALTH SYSTEMS, FLORIDA, INC., d/b/a TRI-COUNTY HOSPITAL, WILLISTON, and TRI-COUNTY HOSPITAL, WILLISTON, LLC failed to stabilize Plaintiff THOMAS ARWOOD, failed to have a doctor on-call or appropriate medical professionals evaluate and/or treat him, and failed to have the basic equipment required by the Florida Administrative Code that would have helped to treat and/or stabilize Plaintiff ARWOOD.

34. As a direct and proximate result of Defendant CYPRESS HEALTH SYSTEMS, FLORIDA, INC., d/b/a TRI-COUNTY HOSPITAL, WILLISTON, and TRI-COUNTY HOSPITAL,

6

WILLISTON, LLC's negligence as set forth above, which fell far below the standard of care in Florida and this region, THOMAS ARWOOD has been damaged, has suffered a significant and permanent injury, currently requires special care, has lost the ability to enjoy life, will require special care in the future, and has experienced other losses.

WHEREFORE, the Plaintiff, THOMAS ARWOOD, prays for a judgment in excess of $15,000 against Defendants CYPRESS HEALTH SYSTEMS, FLORIDA, INC., d/b/a TRI-COUNTY HOSPITAL, WILLISTON, and TRI-COUNTY HOSPITAL, WILLISTON, LLC, reasonable costs of litigation, pre-judgment interest, post-judgment interest, and any and all relief that this Court deems fair and just

COUNT II

MEDICAL MALPRACTICE AGAINST DR. RICHARD MARTIN, M,D

35.  Plaintiff reallege and reaver paragraphs 1-29 as if fully set forth herein.

36.  Plaintiff THOMAS ARWOOD presented to the emergency room at TRI-COUNTY HOSPITAL, WILLISTON, with an emergency medical condition, to wit: swelling of the tongue, angioedema caused by a reaction to a prescribed ace inhibitor.

37.  Although DR. RICHARD MARTIN was on-call at all times material to this complaint, they failed to take call and report to the emergency room to treat Plaintiff's emergency.

38.  Furthermore, DR. RICHARD MARTIN failed stabilize Plaintiff THOMAS ARWOOD, ordered him transferred via ground ambulance although Plaintiff's symptoms were worsening

and he couldn't breathe, and knew or should have known that his airway was closing and he needed to be seen .

39. Defendants   DR. RICHARD MARTIN knew or should have known that Plaintiff ARWOOD's condition was worsening, that he wasn't stable, and that he needed to be stabilized and an airway established, prior to transport.

40. Despite ordering the transfer, DR. MARTIN never counter-signed the transfer, in violation of the Florida Administrative Code.

41. As a direct and proximate result of Defendant DR. RICHARD MARTIN'S  negligence as set forth above, which fell below the standard of care in this region and in Florida, Plaintiff THOMAS ARWOOD has been damaged, suffered a significant and permanent injury, currently requires special care, has lost the ability to enjoy life, will require special care in the future, and has experienced other losses.

WHEREFORE, the Plaintiff, THOMAS ARWOOD, prays for a judgment in excess of $15,000 against Defendant DR. RICHARD MARTIN, reasonable costs of litigation, pre-judgment interest, post-judgment interest, and any and all relief that this Court deems fair and just.

## COUNT 1II

### MEDICAL MALPRACTICE AGAINST PHYSICIAN'S ASSISTANT JOHN COLEMAN

42. Plaintiff reallege and reaver paragraphs 1-29 as if fully set forth herein.

8

43.. Plaintiff THOMAS ARWOOD presented to the emergency room at TRI-COUNTY HOSPITAL, WILLISTON, with an emergency medical condition, to wit: swelling of the tongue, angioedema caused by a reaction to a prescribed ace inhibitor.

44. Defendant JOHN COLEMAN, a physician's assistant, on or about 2/20/2011, treated Plaintiff ARWOOD inadequately and inappropriately, alone and unsupervised by a physician, administering medications not distributed by any pharmacist, in violation of law.

45. No physician was present in the emergency room to access the severity and type of emergency condition suffered by Plaintiff THOMAS ARWOOD, and any physician that "treated" Plaintiff THOMAS ARWOOD would necessarily have to rely solely upon the description given by Defendant COLEMAN.

46. Defendant COLEMAN, and all the personnel at the emergency room, were ill equipped to deal with the emergency medical condition suffered by Plaintiff THOMAS ARWOOD, yet Defendant COLEMAN continued to treat him inadequately and improperly during which time the condition worsened, culminating in Defendant COLEMAN calling 911 from the emergency room for an ambulance.

47. Defendant COLEMAN placed Plaintiff THOMAS ARWOOD in a ground ambulance with the knowledge that ARWOOD was having trouble breathing and that his condition was worsening.

48. Defendant COLEMAN knew or should have known that Plaintiff ARWOOD's condition was worsening, that he wasn't stable, and that he needed to be stabilized and an airway established, prior to transport.

49. As a direct and proximate result of Defendant COLEMAN'S negligence, which fell below the standard of care in this region and in Florida, Plaintiff THOMAS ARWOOD has been

damaged, suffered a significant and permanent injury, currently requires special care, has lost the ability to enjoy life, will require special care in the future, and has experienced other losses.

WHEREFORE, the Plaintiff, THOMAS ARWOOD, prays for a judgment in excess of $15,000 against Defendant JOHN COLEMAN, reasonable costs of litigation, pre-judgment interest, post-judgment interest, and any and all relief that this Court deems fair and just.

## COUNT IV

### VIOLATION OF THE EMERGENCY MEDICAL TREATMENT AND ACTIVE LABOR ACT, 42 U.S.C. §1395 (EMTALA), AGAINST DEFENDANTS CYPRESS HEALTH SYSTEMS, FLORIDA, INC., D/B/A TRI-COUNTY HOSPITAL, WILLISTON, TRI-COUNTY HOSPITAL, WILLISTON, LLC

50.  Plaintiff realleges and reavers paragraphs 1-29 as if fully set forth herein.

51.  Defendants operated a hospital, TRI-COUNTY HOSPITAL, WILLISTON, which is a hospital as defined by 42 U.S.C.1395( e).

52.  The Plaintiff, THOMAS ARWOOD, was uninsured by private insurance and was indigent, at all times material to this Complaint.

53.  The Patient, Plaintiff THOMAS ARWOOD, was transferred by TRI-COUNTY HOSPITAL, WILLISTON, in an unstable condition.

54.  Personnel at TRI COUNTY HOSPITAL, WILLISTON, knew or should have known that at the time of his transfer Plaintiff THOMAS ARWOOD'S condition was significantly deteriorating and that transfer at that time would most likely result in injury or death.

55.  Defendant DEFENDANTS CYPRESS HEALTH SYSTEMS, FLORIDA, INC., D/B/A TRI-COUNTY HOSPITAL, WILLISTON, TRI-COUNTY HOSPITAL, WILLISTON, LLC failed to

10

stabilize Plaintiff THOMAS ARWOOD as far as possible within the limits of its capabilities; did not explain the medical risks of transferring him adequately, failed to reasonably access and explain the benefits of a transfer before stabilization, and failed to ensure that the transfer of Plaintiff THOMAS ARWOOD was effected with the use of qualified personnel and transportation equipment, as required by the circumstances, including the use of necessary and medically appropriate life support measures during the transfer.

56. Furthermore, Defendants CYPRESS HEALTH SYSTEMS, FLORIDA, INC., D/B/A TRI-COUNTY HOSPITAL, WILLISTON, TRI-COUNTY HOSPITAL, WILLISTON, LLC, failed to comply with 42 USC 1395dd(c)(1)(iii), which requires if a physician is not physically present in the emergency room, the written certification in support of transfer may be signed by a "qualified medical person" in consultation with the physician, provided that the physician agrees with the certification and subsequently countersigns it.

57. Plaintiff, THOMAS ARWOOD and BETTY ARWOOD have been permanently injured as a direct and proximate result of TRI-COUNTY HOSPITAL, WILLISTON'S act of transferring Plaintiff THOMAS ARWOOD before he was stabilized, to wit: as a direct and proximate result of Defendant CYPRESS HEALTH SYSTEMS, FLORIDA, INC., d/b/a TRI-COUNTY HOSPITAL, WILLISTON, and TRI-COUNTY HOSPITAL, WILLISTON, LLC's negligence as set forth above, which fell far below the standard of care in Florida and this region, THOMAS ARWOOD has been damaged, has suffered a significant and permanent injury, currently requires special care, has lost the ability to enjoy life, will require special care in the future, and has experienced other losses.

WHEREFORE, the Plaintiff, THOMAS ARWOOD, prays for a judgment in excess of $15,000 against Defendants CYPRESS HEALTH SYSTEMS, FLORIDA, INC., d/b/a TRI-COUNTY HOSPITAL, WILLISTON, and TRI-COUNTY HOSPITAL, WILLISTON, LLC, reasonable costs of litigation, reasonable attorney's fees as per 42 U.S.C. §1395, pre-judgment interest, post-judgment interest, and any and all relief that this Court deems fair and just

## COUNT V

### VIOLATION OF FLORIDA'S EMERGENCY MEDICAL TREATMENT AND ACTIVE LABOR ACT, F.S. §395.1041, AGAINST DEFENDANTS DR. RICHARD MARTIN, AND PHYSICIAN'S ASSISTANT JOHN COLEMAN

58. Plaintiff realleges and reavers paragraphs 1-29 as if fully set forth herein.

59. Defendants DR. RICHARD MARTIN, and PHYSICIAN'S ASSISTANT JOHN COLEMAN, were hospital medical staff and/or personnel as defined by Florida Statute §395.1041.

60. The Plaintiff, THOMAS ARWOOD, was uninsured by private insurance and was indigent, at all times material to this Complaint.

61. The Patient, Plaintiff THOMAS ARWOOD, was transferred by Defendants, DR. RICHARD MARTIN, and PHYSICIAN'S ASSISTANT JOHN COLEMAN in an unstable condition.

62. Defendants , DR. RICHARD MARTIN, and PHYSICIAN'S ASSISTANT JOHN COLEMAN, knew or should have known that at the time of his transfer Plaintiff THOMAS ARWOOD'S condition was significantly deteriorating and that transfer at that time would most likely result in injury or death.

63. Defendants DR. RICHARD MARTIN, and PHYSICIAN'S ASSISTANT JOHN COLEMAN failed to stabilize Plaintiff THOMAS ARWOOD as far as possible within the limits

12

of their capabilities; did not explain the medical risks of transferring him adequately, failed to reasonably access and explain the benefits of a transfer before stabilization, and failed to ensure that the transfer of Plaintiff THOMAS ARWOOD was effected with the use of qualified personnel and transportation equipment, as required by the circumstances, including the use of necessary and medically appropriate life support measures during the transfer.

64. Furthermore, Defendants CYPRESS HEALTH SYSTEMS, FLORIDA, INC., D/B/A TRI-COUNTY HOSPITAL, WILLISTON, TRI-COUNTY HOSPITAL, WILLISTON, LLC, failed to comply with F.S. 395(3)( c)3, which requires if a physician is not physically present in the emergency room, the written certification in support of transfer may be signed by a "qualified medical person" in consultation with the physician, provided that the physician agrees with the certification and subsequently countersigns it.

65. Plaintiff, THOMAS ARWOOD and BETTY ARWOOD have been permanently injured as a direct and proximate result of TRI-COUNTY HOSPITAL, WILLISTON'S act of transferring Plaintiff THOMAS ARWOOD before he was stabilized, to wit: as a direct and proximate result of Defendant CYPRESS HEALTH SYSTEMS, FLORIDA, INC., d/b/a TRI-COUNTY HOSPITAL, WILLISTON, and TRI-COUNTY HOSPITAL, WILLISTON, LLC's negligence as set forth above, which fell far below the standard of care in Florida and this region, THOMAS ARWOOD has been damaged, has suffered a significant and permanent injury, currently requires special care, has lost the ability to enjoy life, will require special care in the future, and has experienced other losses.

WHEREFORE, the Plaintiff, THOMAS ARWOOD, prays for a judgment in excess of $15,000 against Defendants CYPRESS HEALTH SYSTEMS, FLORIDA, INC., d/b/a TRI-

13

COUNTY HOSPITAL, WILLISTON, and TRI-COUNTY HOSPITAL, WILLISTON, LLC, reasonable costs of litigation, reasonable attorney's fees as per F.S. §395.1041, pre-judgment interest, post-judgment interest, and any and all relief that this Court deems fair and just.

## COUNT VI
### LOSS OF CONSORTIUM CLAIM BY PLAINTIFF BETTY ARWOOD
### AGAINST ALL DEFENDANTS

73. Plaintiff, BETTY ARWOOD, realleges and reavers paragraphs 1-29 as if fully set forth herein.

74. Plaintiff BETTY ARWOOD is the legal wife of Plaintiff THOMAS ARWOOD.

75. On or about 2/20/2011, Plaintiff THOMAS ARWOOD, the husband of BETTY ARWOOD, was significantly and permanently damaged at TRI-COUNTY HOSPITAL, WILLISTON'S emergency room, by Defendants CYPRESS HEALTH SYSTEMS, FLORIDA, INC., d/b/a TRI-COUNTY HOSPITAL, WILLISTON, TRI-COUNTY HOSPITAL, WILLISTON, LLC, DR. RICHARD MARTIN, M,D., and PHYSICIAN'S ASSISTANT JOHN COLEMAN, through their medical malpractice, to wit: failing to stabilize the patient prior to transfer, failing to adequately treat THOMAS ARWOOD as far as possible within the limits of the capabilities of an emergency room, failing to explain the medical risks of transferring him adequately, failing to reasonably access and explain the benefits of a transfer before stabilization, and failing to ensure that the transfer of Plaintiff THOMAS ARWOOD was performed with the use of qualified personnel and transportation equipment, as required by the circumstances, including the use of necessary and medically appropriate life support measures during the transfer.

14

76. As a result of the foregoing, Plaintiff THOMAS ARWOOD suffered permanent and debilitating injuries.

77. Plaintiff BETTY ARWOOD has sustained the loss of the comfort and society of her husband, THOMAS, which would normally be enjoyed by a wife and husband, in the past, present, and will so suffer in the future.

78. Plaintiff BETTY ARWOOD has been caused to provide certain services to her husband and will be required to do so into the future, which she would not have normally been required to do, due to her husband's injuries as set forth above, due to the negligence and medical malpractice of each individual Defendant.

Wherefore, Plaintiff BETTY ARWOOD, prays for a judgment in excess of $15,000 against all Defendants, reasonable costs of litigation, pre-judgment interest, post-judgment interest, and any and all relief that this Court deems fair and just.

## JURY DEMAND

79. Plaintiffs demand a trial by jury of all issues so triable.

Dated this 7th day of February, 2014.

The Gordon Law Firm
PO Box 734
Williston, Florida 32696
(352)-528-0111
thegordonlawfirm@aol.com

s/B Gordon
By: Beth Gordon, Esq.
FL. Bar No. 876623

15